**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMNINDER SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-71187

Agency No. A087-998-104

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District
Judge.

Petitioner Amninder Singh, a native and citizen of India, seeks review of the

decision of the Board of Immigration Appeals (BIA) affirming the denial by an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

immigration judge (IJ) of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After reviewing the agency's decision for substantial evidence, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1210–11 (9th Cir. 2004) (asylum); *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010) (withholding of removal and CAT), we deny the petition.

The agency found that Singh was credible and had suffered past persecution by local officials because of his Sikh religious practices and Shiromani Akali Dal Mann Amritsar political party affiliation. However, the agency concluded that the government successfully rebutted the presumption of future persecution by demonstrating that Singh could safely and reasonably relocate to other areas of India where he could practice his religion and politics. *See Parada v. Sessions*, 902 F.3d 901, 909, 911 (9th Cir. 2018) (rebuttable presumption); *Knezevic*, 367 F.3d at 1214 (citing 8 C.F.R. § 1208.13(b)(3)) (factors relevant to reasonable relocation). Substantial evidence supports the agency's determination.

Singh was targeted by local officials and there is no evidence that the national government would pursue him. Although Singh argues that the local officials who targeted him could use India's national identification system to track him throughout India, there is no record evidence that Punjab police have used the system in this manner. Reliable government reports cited by the agency state that civil strife only exists in certain areas of India and that there are Sikh communities

throughout the country where Sikhs can safely practice their religion and politics. Singh's individual circumstances also reinforce the reasonableness of relocation. He can speak, write, and generally read English, is skilled and educated, and is a relatively young man who reports no health issues or disabilities. Thus, there is substantial evidence supporting the agency's conclusions that the government rebutted the presumption of future persecution and that Singh did not otherwise establish a clear probability of future persecution.

The BIA also correctly affirmed the IJ's CAT decision. Substantial evidence supports the agency's conclusion that Singh failed to establish that he is more likely than not to face torture upon return to India. *See Shrestha*, 590 F.3d at 1048 ("To receive CAT protection, a petitioner must prove that it is 'more likely than not' that he or she would be tortured if removed." (quoting 8 C.F.R. § 1208.16(c)(2))); 8 C.F.R. § 1208.16(c)(3) (providing nonexclusive list of evidence to be considered, including reasonableness of relocation, occurrences of past torture, and relevant country conditions).

In sum, we conclude that substantial evidence supports the BIA's asylum, withholding of removal, and CAT determinations.

**PETITION FOR REVIEW DENIED.**

19-71187